UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TYLER C. LEARY, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )  2:22-cv-00256-JDL |
| | ) |
| YORK COUNTY JAIL, | ) |
| | ) |
| Defendant | ) |

**RECOMMENDED DECISION
ON DEFENDANT'S MOTION TO DISMISS**

Plaintiff, a former inmate at Defendant York County Jail, alleges that Defendant provided him with inadequate medical care. (Complaint, ECF No. 1.) Plaintiff asserts his claim pursuant to 42 U.S.C. § 1983. Defendant has moved to dismiss the complaint. (Motion, ECF No. 12.)

Following a review of the record and after consideration of the issues generated by Defendant's motion, I recommend the Court grant Defendant's motion to dismiss and dismiss Defendant as a party but permit Plaintiff to amend his complaint to allege a claim against the nurses and corrections officer he references in the complaint.

### BACKGROUND

**A.    Procedural Record**

Plaintiff filed a complaint alleging he received inadequate medical care at the York County Jail in May, 2021. Plaintiff named the York County Jail as sole defendant. (Complaint at 2.) Defendant filed a motion to dismiss in which it argues that the York

County Jail is not an entity that can be sued, that Plaintiff fails to allege the existence of a custom, policy, or practice that was the moving force behind an alleged constitutional violation, and that Plaintiff fails to allege a viable Eighth Amendment claim. *See* Fed. R. Civ. P. 12(b)(6). Plaintiff filed a response in opposition (Opposition, ECF No. 14). Defendant then filed a reply (Reply, ECF No. 16), to which Plaintiff filed a sur-reply. (Sur-Reply, ECF No. 17.)[1]

**B.     Factual Background**[2]

Plaintiff arrived at the York County Jail on May 5, 2021. (Attachment to Complaint at 1, ECF No. 1-1.) According to Plaintiff, he had severe abdominal pains at the time, and he complained for days. (*Id.*) Plaintiff claims he met with nurses for almost a week and the nurses apparently diagnosed him with gas and constipation and gave him laxatives. (*Id.*)

At some point, when the pain was allegedly such that he "could barely move," Plaintiff repeatedly asked for medical help. (*Id.*) Plaintiff claims that the corrections officer on duty at the time—around midnight—did not assist Plaintiff and instead laughed, "saying he was leaving so it wasn't his problem." (*Id.*)

---

[1] The applicable rules do not authorize the filing of a sur-reply without leave of court. Nevertheless, I have considered Plaintiff's sur-reply.

[2] The facts are derived from Plaintiff's complaint and are accepted as true for purposes of evaluating the pending motion to dismiss. *Alston v. Spiegel*, 988 F.3d 564, 571 (1st Cir. 2021). Because Plaintiff is a self-represented litigant, the Court also looks to his other filings, "including his response to the motion to dismiss, to understand the nature and basis of his claims." *Waterman v. Paul G. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019).

When corrections officer Miles started her shift at midnight, Plaintiff was in tears and yelling that he needed a doctor and thought he was dying. (*Id.*) Miles "took [Plaintiff] serious[ly]" and called for the medical team to bring Plaintiff to the emergency room at a Sanford, Maine hospital. (*Id.*) An abdominal cat scan revealed that he had a ruptured ulcer and was developing sepsis. (*Id.*) Plaintiff claims that following emergency surgery, the surgeon told him that he would have died if treatment had been delayed another twenty-four hours. (*Id.* at 1–2.)

According to Plaintiff, he stayed at the hospital for a week and a half to two weeks, but the jail pushed for him to be returned to the jail. (*Id.* at 2.) Plaintiff alleges that when he returned to the jail, his abdominal wound was supposed to be treated with "wet to dry pulls," which Plaintiff explains would have required soaking gauze in saline and packing it in the surgical site, then removing it every day to encourage the growth of white blood cells and new skin. (*Id.*) Plaintiff claims the medical staff at the jail did not want to take the time to treat the wound that way, so they put a "wound-vac" on his stomach instead and did not change the dressing as they should have, which caused Plaintiff to develop a MRSA[3] infection. (*Id.*) When the surgeon discovered the MRSA a week later, he readmitted Plaintiff to the hospital for another two weeks. (*Id.*) Plaintiff alleges that he now has an inch-wide scar from his sternum to his navel and has had and will have recurring MRSA because the York County Jail neglected their duties by "putting [him] in a back room attaching [him] to a wall and just basically leaving [him] to die." (*Id.* at 2–3.)

---

[3] MRSA stands for methicillin-resistant Staphylococcus aureus, a type of bacteria that is resistant to several antibiotics. *See* https://www.cdc.gov/mrsa/.

## DISCUSSION

### A. Motion to Dismiss Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." In reviewing a motion to dismiss under Rule 12(b)(6), a court "must evaluate whether the complaint adequately pleads facts that 'state a claim to relief that is plausible on its face.'" *Guilfoile v. Shields*, 913 F.3d 178, 186 (1st Cir. 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In doing so, a court "assume[s] the truth of all well-pleaded facts and give[s] the plaintiff the benefit of all reasonable inferences therefrom." *Id.* (quoting *Thomas v. Rhode Island*, 542 F.3d 944, 948 (1st Cir. 2008)). Federal Rule of Civil Procedure 12(b)(6) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To evaluate the sufficiency of the complaint, therefore, a court must "first, 'isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements,' then 'take the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief.'" *Zell v. Ricci*, 957 F.3d 1, 7 (1st Cir. 2020) (quoting *Zenon v. Guzman*, 924 F.3d 611, 615–16 (1st Cir. 2019)).

"A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. Paul G. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*,

4

551 U.S. 89, 94 (2007)); *see also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim"). In addition, "the court may consider other filings by a self-represented plaintiff, 'including his response to the motion to dismiss, to understand the nature and basis of his claims.'" *Waterman*, 2019 WL 5764661, at *2 *(quoting Wall v. Dion*, 257 F. Supp. 2d 316, 318 (D. Me. 2003)). If a pro se plaintiff provides sufficient facts, "the court may intuit the correct cause of action." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

**B.     York County Jail**

Defendant contends that the Court should dismiss the complaint because the York County Jail is not the proper governmental entity defendant given that it "is simply a building owned by York County" and thus "lacks the capacity to be sued." (Motion at 3–4.) *See Collins v. Kennebec Cnty. Jail*, 2012 WL 4326191, at *3 (D. Me. May 31, 2012) ("The Kennebec County Jail is not a governmental entity or a proper party defendant to this lawsuit. It is a building.").

Although the jail facility itself is not a proper party to this action, the Court can reasonably construe Plaintiff's allegations as attempting to assert a claim against York County. *George v. York Cnty. Jail*, No. 2:19-cv-00569-GZS, 2020 WL 291835, at *1 n.1 (D. Me. Jan. 21, 2020), *R&R adopted,* 2020 WL 591305 (D. Me. Feb. 6, 2020). The fact Plaintiff named the York County Jail as the defendant, rather than York County, is not grounds for dismissal.

**C.      Plaintiff's § 1983 Claim**

Defendant argues that, even if the complaint is construed as a claim against York County, it fails to state a cognizable action under 42 U.S.C. § 1983. (Motion at 4.) Defendant maintains that governmental entities have liability under § 1983 "only for their own constitutional or statutory violations" and contends that Plaintiff fails to allege that Defendant's "unconstitutional policy or custom . . . is a moving force behind the alleged violations." (Motion at 5.) Defendant further argues that the complaint does not meet the "deliberate indifference" standard needed to sustain a claim for inadequate medical care under the Eighth Amendment. (Motion at 6–7.)

"Section 1983 provides a cause of action when an individual, acting under color of state law, deprives a person of constitutional rights." *Saldivar v. Racine*, 818 F.3d 14, 18 (1st Cir. 2016); *see* 42 U.S.C. §1983.[4] To maintain a § 1983 claim, "a plaintiff must show that 'the challenged conduct is attributable to a person acting under color of state law' and that 'the conduct must have worked a denial of rights secured by the Constitution or by federal law.'" *Freeman v. Town of Hudson*, 714 F.3d 29, 37 (1st Cir. 2013) (quoting *Soto v. Flores*, 103 F.3d 1056, 1061 (1st Cir. 1997)). To satisfy the second requirement, the plaintiff must identify a substantive right, which he has been denied, and a "causal

---

[4] More fully, § 1983 provides:
>   Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

6

connection between the defendant's conduct and the alleged deprivation." *García-González v. Puig-Morales*, 761 F.3d 81, 87 (1st Cir. 2014).

### 1. Plaintiff's Alleged Constitutional Deprivation

Although Plaintiff has not specifically referenced a federal theory of recovery, Plaintiff's pleadings can reasonably be construed to allege that Defendant violated the Eighth Amendment by failing to provide him with adequate medical care while he was being held at the York County Jail. (Attachment to Complaint at 1–3; Sur-Reply at 1.) The Eighth Amendment prohibits "cruel and unusual punishments." U.S. Const. amend. VIII. "The failure of correctional officials to provide inmates with adequate medical care may offend the Eighth Amendment if their 'acts or omissions are sufficiently harmful to evidence deliberate indifference to serious medical needs.'" *Leavitt v. Corr. Med. Servs., Inc.*, 645 F.3d 484, 497 (1st Cir. 2011) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). To allege a § 1983 claim based on inadequate or delayed medical care in violation of the Eighth Amendment, "a plaintiff must satisfy both a subjective and objective inquiry." *Id.*

"First, a plaintiff must show, as an objective matter, that he has a 'serious medical need' that received inadequate care." *Abernathy v. Anderson*, 984 F.3d 1, 6 (1st Cir. 2020) (quoting *Leavitt*, 645 F.3d. at 497). A "serious medical need" is one that "has been diagnosed by a physician as mandating treatment" or "is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* "The 'seriousness' of an inmate's needs may also be determined by reference to the effect of the delay of treatment." *Id.* However, this "does not impose upon prison administrators a duty

7

to provide care that is ideal, or of the prisoner's choosing." *Kosilek v. Spencer*, 774 F.3d 63, 82 (1st Cir. 2014); *see also Feeney v. Corr. Med. Servs., Inc.*, 464 F.3d 158, 162 (1st Cir. 2006) ("[W]hen a plaintiff's allegations simply reflect a disagreement on the appropriate course of treatment, such a dispute with an exercise of professional judgment may present a colorable claim of negligence, but it falls short of alleging a constitutional violation." (internal quotation marks omitted)).

"Second, even if medical care is so inadequate as to satisfy the objective prong, the Eighth Amendment is not violated unless prison administrators also exhibit deliberate indifference to the prisoner's needs." *Kosilek*, 774 F.3d at 83. Deliberate indifference "requires evidence that the failure in providing treatment to the plaintiff was purposeful." *Abernathy*, 984 F.3d at 6. "To demonstrate deliberate indifference a plaintiff must show (1) a grave risk of harm, (2) the defendant's actual or constructive knowledge of that risk, and (3) his failure to take easily available measures to address the risk." *Penn v. Escorsio,* 764 F.3d 102, 110 (1st Cir. 2014); *see Snell v. Neville*, 998 F.3d 474, 497 (1st Cir. 2021) (explaining that a defendant "must have known of the risk of harm to the plaintiff and disregarded it."). "The standard encompasses a 'narrow band of conduct': subpar care amounting to negligence or even malpractice does not give rise to a constitutional claim." *Leavitt*, 645 F.3d at 497 (quoting *Feeney*, 464 F.3d at 162). Instead, to present a viable Eighth Amendment claim, "the treatment provided must have been so inadequate as 'to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind.'" *Leavitt*, 645 F.3d. at 497 (quoting *Estelle*, 429 U.S. at 105–06).

Plaintiff alleges that for days—almost a week—nurses working at the York County Jail did not properly address his condition. Ultimately, Plaintiff was diagnosed with a ruptured ulcer, which led to sepsis, a condition the treating surgeon said could have had dire consequences if treatment were delayed another twenty-four hours. This constitutes a serious medical need and thus Plaintiff's allegations concerning the delayed treatment of his ruptured ulcer satisfy the objective prong of his Eighth Amendment claim.[5]

Plaintiff also alleges that Defendant failed to care properly for his post-surgery incision, leading him to develop MRSA, which he claims he will struggle with for life. The need for post-surgical care of a wound constitutes a serious medical need. *See Perez v. NH State Prison, Warden*, No. 14-cv-492-LM, 2015 WL 2354470, at *2 (D.N.H. May 14, 2015). Furthermore, MRSA—"by its nature resistant to the antibiotics typically used in treatment"— is "a long-term and painful condition, which could have resulted in serious harm or even death." *McGarry v. Pallito*, No. 1:09-cv-128, 2013 WL 3338682, at *7 (D. Vt. July 2, 2013). Plaintiff's assertion that his post-surgical care at the jail resulted in a MRSA infection that required further hospitalization is sufficient to allege an objectively serious medical need.[6]

---

[5] *See Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 446 (6th Cir. 2014) (holding that it was "clear" that jail detainee who died of sepsis from a perforated ulcer "suffered from a serious, indeed dire, medical need").

[6] *See, e.g., Stewart v. Kelchner*, 358 F. App'x 291, 295 (3d Cir. 2009) ("[W]e have no doubt that [plaintiff]'s MRSA infections were serious medical conditions . . . ."); *Myrick v. Anglin*, 496 F. App'x 670, 674 (7th Cir. 2012) ("[Plaintiff]'s claim of 'excruciating pain' from his skin infections, including the MRSA infections, presented a sufficiently serious condition to support an Eighth Amendment claim."); *Moore v. Williams*, 835 F. App'x 143, 144 (7th Cir. 2021) (noting that defendant "does not contest that [plaintiff]'s MRSA infection was objectively serious").

The next question is whether Plaintiff has alleged enough facts to satisfy the subjective component of the deliberate indifference standard.  The mere fact that jail personnel provided some treatment does not preclude Plaintiff from alleging an actionable deliberate indifference claim.  A factfinder can permissibly "infer deliberate indifference" where a healthcare provider "knew that the course of treatment was largely ineffective, and declined to do anything more to attempt to improve [the] condition." *McElligott v. Foley*, 182 F.3d 1248, 1257–58 (11th Cir. 1999) (quoting *Hathaway v. Coughlin,* 37 F.3d 63, 68 (2d Cir. 1994); *see also West v. Keve,* 571 F.2d 158, 162 (3d Cir. 1978) (finding that inmate stated a claim for deliberate indifference based on denial of post-operative pain medication; although plaintiff was provided with aspirin, "this may not constitute adequate medical care"). In addition, "[a] delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Adams v. Wellpath of Maine*, No. 2:20-cv-00424-NT, 2021 WL 3056841, at *9 (D. Me. July 20, 2021) (quoting *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010)), *R&R adopted,* 2021 WL 4144738 (D. Me. Sept. 10, 2021).

In this case, Plaintiff alleges that despite his repeated complaints of pain, the nurses at the jail continued to give him laxatives. (Attachment to Complaint at 1.) He asserts that over approximately one week, his condition eventually became "so bad [he] could barely move." (*Id*.)  He also alleges that in response to one of his requests for medical attention, a corrections officer laughed and did not arrange for any medical care. (*Id*.)  Plaintiff's complaint can be reasonably construed to allege that despite a deteriorating condition of which jail personnel were aware, the jail continued to provide either no care or plainly

10

ineffective medical care and did not arrange for appropriate care for approximately one week, thereby subjecting Plaintiff to increased and unnecessary pain, the risk of severe injury and possibly death, and potentially a more complicated recovery period. Plaintiff has alleged sufficient facts to state an actionable deliberate indifference claim.

### 2. Municipal Liability

To this point, Plaintiff has only joined York County as a defendant. A local governmental entity is not automatically liable for a constitutional deprivation that arises from the conduct of that entity's employees. *See Rodríguez-García v. Miranda-Marín*, 610 F.3d 756, 769 (1st Cir. 2010); *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978) (holding "that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents"). Instead, Plaintiff must demonstrate that the county itself is responsible for the constitutional deprivation, and "liability attaches . . . 'only if the violation occurs pursuant to an official policy or custom.'" *Rodriguez-Garcia*, 610 F.3d at 769 (quoting *Welch v. Ciampa*, 542 F.3d 927, 941 (1st Cir. 2008)); *see Monell*, 436 U.S. at 694 ("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). Plaintiff has not asserted any facts that would support a plausible inference that the conduct he alleges resulted from an official York County policy or custom.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court grant Defendant's motion to dismiss, dismiss Defendant as a party, but permit Plaintiff to amend his complaint to allege an Eighth Amendment deliberate indifference claim against the nurses and corrections officer he references in the complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum and shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 9th day of March, 2023.