UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| TYLER C. LEARY, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:22-cv-00256-JDL |
| | ) | |
| WILLIAM L. KING, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY AND RECOMMENDED DECSION ON DEFENDANT'S MOTION TO DISMISS**

Defendant William King, Jr. (Defendant) moves to dismiss Plaintiff's first amended complaint. (Motion to Dismiss, ECF No. 32.) Defendant, who is joined as a party in his official capacity as Sheriff of York County, argues Plaintiff, a former inmate at the York County Jail, has failed to allege an actionable claim against him. In addition to his response to the motion, Plaintiff asks the Court to stay the motion to dismiss proceedings and authorize him to conduct certain discovery. (Motion to Stay and for Limited Expedited Discovery, ECF No. 33.)

Following a review of the record and after consideration of the parties' arguments, I deny Plaintiff's motion to stay and for limited expedited discovery. I also recommend the Court grant Defendant's motion to dismiss.

## FACTUAL BACKGROUND[1]

Plaintiff arrived at York County Jail on May 5, 2021. (First Amended Complaint at ¶ 9, ECF No. 30.) Shortly after his arrival, he began to experience severe abdominal pain. (*Id.*) At his request, Plaintiff met with a nurse, who attributed his pain to digestive issues and instructed Plaintiff to drink more water and take a laxative. (*Id.* ¶ 10.)

Plaintiff followed the recommendations, but his symptoms worsened. (*Id.* ¶¶ 11-12.) Plaintiff complained to corrections officers and the nurse about his persisting severe stomach pain. (*Id.* ¶ 13.) According to Plaintiff, the same nurse he initially consulted recommended Plaintiff drink more fluids and take laxatives. (*Id.* ¶ 14.) Plaintiff alleges he repeatedly informed the correctional officers of his condition and asked for medical attention. (*Id.* ¶ 15.) Plaintiff asserts that after about five days with stomach pain, he requested medical attention from a corrections officer who responded that because of the proximity to shift change, Plaintiff's request "wasn't [his] problem." (*Id.* ¶ 16.) The morning after this encounter, another corrections officer responded to Plaintiff's request for medical attention and the nurse who examined Plaintiff determined he needed to be taken to the hospital emergency room. (*Id.* ¶¶ 17-18.)

At the emergency room, the examining physicians determined Plaintiff had suffered a ruptured or "perforated" ulcer. (*Id.* ¶ 20.) The perforated ulcer caused a severe infection, which required immediate antibiotic treatment. (*Id.* ¶ 22.) Plaintiff alleges he was

---

[1] The facts are drawn from Plaintiff's amended complaint. For purposes of evaluating Defendant's motion to dismiss, the factual allegations are deemed true. *McKee v. Cosby*, 874 F.3d 54, 59 (1st Cir. 2017).

transferred to another hospital for surgery. (*Id.* ¶ 23.) Plaintiff remained in the hospital for approximately one week. (*Id.* ¶ 27.)

Plaintiff was discharged from the hospital to the York County Jail with specific instructions for his wound care. (*Id.* ¶¶ 27, 30.) According to Plaintiff, the medical staff at the jail did not care for the wound as instructed. (*Id.* ¶ 32.) Approximately a week after the surgery, Plaintiff was seen by the surgeon for a post-operative check-up. (*Id.* ¶ 36.) The surgeon readmitted him to the hospital for surgery and treatment because his wound site had become infected with Methicillin-Resistant Staphylococcus aureus (MRSA). (*Id.* ¶¶ 37, 38.)

Plaintiff underwent a second surgery to remove the tissue around his surgical wound that had become infected. (*Id.* ¶ 40.) Plaintiff was hospitalized for a week. Plaintiff left the hospital against medical advice because jail personnel informed him that the jail would not be able to continue to pay for his care. (*Id.* ¶ 42.)

## DISCUSSION

### A.   Request for Expedited Discovery

The Court has not issued a scheduling order to govern discovery. In matters involving a request for early or expedited discovery, including discovery in advance of the Federal Rule of Civil Procedure 26(f) discovery conference, courts typically have required the proponent to demonstrate good cause for departing from the ordinary discovery process. *Patrick Collins, Inc. v. Does 1-79*, 286 F.R.D. 160, 163 (D. Mass. 2012). Courts have found that "good cause for expedited discovery exists if the request is reasonable in light of all the circumstances," including "[1] the purpose for the discovery, [2] the ability

of the discovery to preclude demonstrated irreparable harm, [3] the plaintiff's likelihood of success on the merits, [4] the burden of discovery on the defendant, and [5] the degree of prematurity." *KPM Analytics N. Am. v. Blue Sun Sci., LLC*, No. CV 21-10572-TSH, 2021 WL 2002581 (D. Mass. May 19, 2021) (internal quotation marks and modifications omitted); *see also Higgins v. Huhtamaki, Inc.*, No. 1:21-cv-00369-NT, 2022 WL 523344, at *1 (D. Me. Feb. 21, 2022) (applying the same standard).

Plaintiff maintains the discovery is necessary for him to identify the corrections staff and medical staff who interacted with him regarding his medical condition. Notably, Plaintiff does not seek discovery related to a possible response to Defendant's arguments in support of dismissal.

The mere fact that Defendant might have information relevant to Plaintiff's claims against other defendants does not warrant a delay in the resolution of Defendant's motion to dismiss. If Plaintiff has not alleged an actionable claim against Defendant, Defendant and York County should not have to remain a party to the case, with the expense associated with litigation, simply because Defendant might have information pertinent to Plaintiff's claim. Defendant does not have to be a party to the case for Plaintiff to obtain information known to him or other county officials. Plaintiff can request the information from Defendant or other jail personnel through subpoena.

In sum, I discern no persuasive reason to stay consideration of Defendant's motion to dismiss to permit the discovery contemplated by Plaintiff.

### B.     Motion to Dismiss

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may seek dismissal of "a claim for relief in any pleading" if that party believes that the pleading fails "to state a claim upon which relief can be granted." In its assessment of the motion, a court must "assume the truth of all well-plead facts and give the plaintiff[] the benefit of all reasonable inferences therefrom." *Blanco v. Bath Iron Works Corp.*, 802 F. Supp. 2d 215, 221 (D. Me. 2011) (quoting *Genzyme Corp. v. Fed. Ins. Co.*, 622 F.3d 62, 68 (1st Cir. 2010)). To overcome the motion, a plaintiff must establish that his or her allegations raise a plausible basis for a fact finder to conclude that the defendant is legally responsible for the claim at issue. *Id*.

Plaintiff alleges a violation of his Eighth Amendment, which claim is governed by the federal civil rights statute, which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage … subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law …

42 U.S.C. § 1983. To maintain a claim under section 1983, a plaintiff must establish: "1) that the conduct complained of has been committed under color of state law, and 2) that this conduct worked a denial of rights secured by the Constitution or laws of the United States." *Barreto-Rivera v. Medina-Vargas*, 168 F.3d 42, 45 (1st Cir. 1999).

In the caption of the case, Plaintiff asserts that he is suing Defendant "in his official capacity as York County Sheriff." (Amended Complaint at 1.) Plaintiff's claim against Defendant in his official capacity is essentially a claim against the governmental entity for

5

which he works – York County. *Davis v. Theriault*, No. 1:22-cv-00275-JDL, 2023 WL 5628193, at *36 (D. Me. Aug. 31, 2023). "[A]lthough a municipality may not be held liable under a theory of respondeat superior for an employee's constitutional violation, it may be held liable when 'execution of [the municipality's] policy or custom . . . inflicts the injury' and is the 'moving force' behind the employee's constitutional violation." *Saldivar v. Racine*, 818 F.3d 14, 20 (1st Cir. 2016) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

Here, Plaintiff alleges that the corrections officers' and nurses' actions constitute a violation of his rights protected by the Eighth Amendment to the United States Constitution. He has not, however, alleged that the corrections officers or the nurses acted pursuant to or in accordance with a policy of custom of York County. Plaintiff, therefore, has not alleged an actionable official capacity claim against Defendant.

In the amended complaint, Plaintiff also alleges Defendant "has oversight responsibility over correctional officers working in the York County Jail." (Amended Complaint ¶ 2.) To the extent Plaintiff attempts to allege a supervisory claim against Defendant, Plaintiff's claim also fails.

"A supervisory liability claim under section 1983 has two elements: the plaintiff must plausibly allege that 'one of the supervisor's subordinates abridged the plaintiff's constitutional rights' and then forge an affirmative link between the abridgement and some action or inaction on the supervisor's part." *Parker v. Landry*, 935 F.3d 9, 14 (1st Cir. 2019) (quoting *Guadalupe-Báez v. Pesquera*, 819 F.3d 509, 514 (1st Cir. 2016). "[A] supervisor may not be held liable under section 1983 on the tort theory of respondeat

6

superior, nor can a supervisor's section 1983 liability rest solely on his position of authority." *Guadalupe-Báez*, 819 F.3d at 515 (citation omitted). "This does not mean, however, that for section 1983 liability to attach, a supervisor must directly engage in a subordinate's unconstitutional behavior." *Id*. Rather, a supervisor's "own acts or omissions must work a constitutional violation." *Parker*, 935 F.3d at 15. Thus, liability for a supervisor "may attach if a responsible official supervises, trains, or hires a subordinate with deliberate indifference toward the possibility that deficient performance of the task eventually may contribute to a civil rights deprivation." *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 49 (1st Cir. 2009) (quoting *Camilo-Robles v. Zapata*, 175 F.3d 41, 44 (1st Cir.1999)); *see also Pineda v. Toomey*, 533 F.3d 50, 54 (1st Cir. 2008) (liability for "supervisory encouragement, condonation or acquiescence or gross negligence amounting to deliberate indifference" toward unconstitutional conduct of others (quotation marks omitted)).

Plaintiff has alleged no facts to support a supervisory claim against Defendant. In fact, he has not alleged that Defendant committed any act or omission in his supervisory role. For instance, Plaintiff has not alleged facts showing that Defendant failed to train or supervise any of the medical staff, *Sanchez*, 590 F.3d at 49, or that he "encourage[d]" or "condon[ed]," *Pineda*, 533 F.3d at 54, any alleged unconstitutional acts of corrections officers or medical personnel. Accordingly, even if Plaintiff's amended complaint is construed to attempt to assert a supervisory claim against Defendant despite Plaintiff's assertion that he has sued Defendant in his official capacity, dismissal is warranted.

## CONCLUSION

Based on the foregoing analysis, I deny Plaintiff's motion to stay and for limited expedited discovery. I also recommend the Court grant Defendant's motion to dismiss.

## **NOTICE**

Any objections to the Order on Plaintiff's motion for a stay and for limited discovery shall be filed in accordance with Federal Rule of Civil Procedure 72.

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 6th day of February, 2024.